


| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Susan P. Scharfstein<br>*Special Federal Litigation Division*<br>*212-227-4071*<br>*Facsimile: (212) 788-9776*<br>*sscharfs@law.nyc.gov* |

November 29, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 12/4/07
```

**BY HAND**
Honorable Richard Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Bascom v. City of New York, 07 CV 8051 (RJH)

Dear Judge Holwell:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendant respectfully requests that the time to respond to the complaint be extended by three weeks from the current due date of December 5, 2007, to December 27, 2007. Plaintiff's counsel has consented to this request for an enlargement of time.

      The reason for this request is that we did not receive an executed release pursuant to New York Criminal Procedure Law § 160.50 from plaintiff until November 1, 2007. Although we forwarded blank release forms to plaintiff's counsel on September 21, and October 2, 2007, I understand that plaintiff's counsel needed some time in which to arrange for her client to execute the release. Once I received the release, we needed time in which to obtain the necessary documents relating to plaintiff's arrest and prosecution, and to prepare defendant's response to the complaint.

      As we have previously advised the Court, we need the § 160.50 release to obtain documents in connection with our investigation of the underlying matter so that we can respond to the complaint, in keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, as it is our understanding that the records of the underlying criminal matter, including police records have been sealed. Accordingly, we have just recently been able to begin the process of accessing the necessary information and assessing the case so as to respond to the complaint. Although I had hoped to have the underlying documents in time to respond by

December 5, 2007, I have not yet received them. Accordingly, we request a further brief enlargement in which to respond to the allegations of the complaint, and we ask also that the initial conference now set for December 7, 2007, at 10:30 a.m., be adjourned to a date convenient for the Court after issue has been joined.

        This is defendant's second request for an extension of time in which to respond to the complaint. Defendant's first request for a 60-day enlargement, made with the consent of plaintiff's counsel on October 2, 2007, from October 5, 2007, to December 5, 2007, was granted by the Court. For the reasons set forth above, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to December 27, 2007, and that the initial conference now set for December 7, 2007, at 10:30 a.m., be adjourned to a date thereafter.

        Thank you for your consideration herein.

*[Handwritten: Conference adjourned to January 4, 2008 at 11:00 a.m. SO ORDERED. /s/ USDJ 11/30/07]*

Respectfully submitted,

*/s/ Susan Scharfstein*

Susan P. Scharfstein

cc:    Izabel Olszowa Garcia, Esq.
        Attorney for Plaintiff
        26 Court Street, Suite 1815
        Brooklyn, NY 11242
        (by hand)