UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GRIMMOND BASCOM,

                     Plaintiff,

          -against-

THE CITY OF NEW YORK and POLICE
OFFICERS JOHN DOE 1 THROUGH 3,

                 Defendants.

------------------------------------------------------------------------x

**ANSWER**

07 CV 8051 (RJH)

<u>Trial By Jury Requested</u>

(filed by ECF)

        Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.       Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and to seek relief as set forth therein.

        2.       Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and to invoke this Court's jurisdiction as set forth therein.

        3.       Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein, admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about October 25, 2006, admits that more than 30 days have elapsed since that date, and admits that the claim has not been settled.

4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Admits the allegations set forth in paragraph "6" of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to sue the unidentified individual as set forth therein.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to sue the unidentified individual as set forth therein.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff purports to sue the unidentified individual as set forth therein.

10.     Denies the allegations set forth in the second paragraph "9" of the complaint.[1]

11.     Denies the allegations set forth in paragraph "10" of the complaint.

12.     Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was transported to the 70th New York City Police Department precinct for arrest processing.

13.     Denies the allegations set forth in paragraph "12" of the complaint.

---

[1] The paragraphs set forth in plaintiff's complaint are not consecutively numbered.

14.     Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was transported to Brooklyn Central Booking, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning when plaintiff was transported to Brooklyn Central Booking.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

16.     Denies the allegations set forth in paragraph "15" of the complaint.

17.     Denies the allegations set forth in paragraph "16" of the complaint.

18.     In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "17" of this answer as if fully set forth therein.

19.     Denies the allegations set forth in paragraph "18" of the complaint.

20.     In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "19" of this answer as if fully set forth therein.

21.     Denies the allegations set forth in paragraph "20" of the complaint.

22.     In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "21" of this answer as if fully set forth therein.

23.     Denies the allegations set forth in paragraph "22" of the complaint.

24.      Denies the allegations set forth in paragraph "23" of the complaint.

25.     Denies the allegations set forth in paragraph "24" of the complaint.

26.     In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "25" of this answer as if fully set forth therein.

27.     Denies the allegations set forth in paragraph "26" of the complaint.

28.     Denies the allegations set forth in paragraph "27" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

29.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

30.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

31.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of its discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

32.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

33.     There was probable cause for plaintiff's arrest, search and/or detention.

4

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34.     Punitive damages are not obtainable as against defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35.     Plaintiff lacks standing to seek declaratory and injunctive relief.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 27, 2007

                           **MICHAEL A. CARDOZO**
                           Corporation Counsel of the City
                             of New York
                           Attorney for Defendant City of New York
                           100 Church Street
                           New York, New York  10007
                           (212) 227-4071

                           By:  _____/S/_____
                              SUSAN P. SCHARFSTEIN (SS 2476)

To:    Izabel Olszowa Garcia, Esq.
        Attorney for Plaintiff
        26 Court Street, Suite 1815
        Brooklyn, NY  11242

Index No.  07 CV 8051 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRIMMOND BASCOM,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1
THROUGH 3,

                                              Defendants.

## ANSWER

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................, 200 . . .*

*...............................................................................Esq.*

*Attorney for ..................................................................*