UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GRIMMOND BASCOM,

                                             Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER JASON
REYNOLDS, shield no. 1513, SERGEANT PETER
LAVEZZO, shield no. 2621, POLICE OFFICER JOHN
PETRIE, shield no. 7575, and DETECTIVE MEGAN
O'MALLEY, shield no. 6355,

                                             Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

07 CIV 8051 (RJH)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  This case arises from a September 19, 2006 incident in which the City of New York and three members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery, an unlawful strip search, fabricated evidence, and negligence.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Jason Reynolds is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on September 19, 2006. Officer Reynolds is sued in his individual capacity.

8. Sergeant Peter Lavezzo is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on September 19, 2006. Officer Lavezzo is sued in his individual capacity.

9. Police Officer John Petrie is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on September 19, 2006. Officer Petrie is sued in his individual capacity.

10. Detective Megan O'Malley is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on September 19, 2006. Officer O'Malley is sued in her individual capacity.

## STATEMENT OF FACTS

11. On September 19, 2006, at approximately 6:00 p.m., in front of 585 East 21st Street, in Brooklyn, New York, Police Officers Jason Reynolds, Peter Lavezzo, John Petrie, and Megan O'Malley seized plaintiff without legal justification.

12. In the course of seizing plaintiff, the officers used excessive force and assaulted and battered plaintiff by maliciously and unnecessarily throwing plaintiff against a wall, twisting plaintiff's arm, forcing plaintiff's arms up, handcuffing plaintiff excessively tight, throwing plaintiff to ground, slamming plaintiff's chest to ground, and lifting plaintiff's body off the ground by pulling up the handcuffs, thereby causing marks and interference with plaintiff's circulation in his arms and wrists, and pain about his body.

13. The officers then falsely arrested plaintiff and took plaintiff to the 70th Precinct for arrest processing.

14. At the 70th Precinct, while plaintiff stood in front of other arrestees, one or more of the named officers ordered and/or participated in an illegal strip search of plaintiff by ordering plaintiff to line up against a wall, to undress his shirt, to place his pants at his ankles, to bend over in a squatting position, and to cough while bent over in a squatting position.

15. On September 20, 2006 plaintiff was taken to Brooklyn Central Booking to await arraignment. Plaintiff was thereafter arraigned on false charges.

16. On September 20, 2006 the charges filed against plaintiff under Docket 2006KN065039 were adjourned in contemplation of dismissal

17. Plaintiff was physically and emotionally injured as a result of the officers' actions.

18. As a result of defendants' actions, plaintiff suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, financial loss, and a loss of liberty.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JASON REYNOLDS, PETER LAVEZZO, JOHN PETRIE, AND MEGAN O'MALLEY**

19. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The conduct of Police Officers Reynolds, Lavezzo, Petrie, and O'Malley, as described herein, amounted to false arrest, excessive force, an illegal strip search, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST POLICE OFFICERS JASON REYNOLDS, PETER LAVEZZO, JOHN PETRIE, AND MEGAN O'MALLEY**

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The conduct of Police Officers Reynolds, Lavezzo, Petrie, and O'Malley, as described herein, amounted to false arrest, assault, battery, and negligence in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The City of New York directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including Police Officers Reynolds, Lavezzo, Petrie and O'Malley, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. Because Police Officers Reynolds, Lavezzo, Petrie and O'Malley were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and negligence.

29. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained Police Officers Reynolds, Lavezzo, Petrie and O'Malley.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   April 1, 2008
         Brooklyn, New York

                                  LAW OFFICE OF
                                IZABEL OLSZOWA GARCIA
                                Attorney for Plaintiff
                                26 Court Street, Suite 1815
                                Brooklyn, New York 11242
                                (718) 855-4833

By:

_____/s/_____
IZABEL OLSZOWA GARCIA (IG 2844)

6